UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*DEBRA MICKENS*                                          CIVIL ACTION

VERSUS                                                   NO. 16-15669

*MORAN FOODS, D/B/A/ SAVE-A-LOT, LTD.*                   SECTION "B"(3)

## ORDER AND REASONS

Considering Defendant Moran Foods' "Motion for Summary Judgment" (Rec. Doc. 18), Plaintiff's "Opposition to Defendant's Motion for Summary Judgment" (Rec. Doc. 19), Defendant's "Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment" (Rec. Doc. 23), and Defendant's "Motion to Strike Plaintiff's Untimely Opposition to Defendant's Motion for Summary Judgment" (Rec. Doc. 20).

For the reasons discussed below,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 18) is **GRANTED;**

**IT IS FURTHER ORDERED** that Defendant's "Motion to Strike Plaintiff's Untimely Opposition to Defendant's Motion for Summary Judgment" (Rec. Doc. 20) is **DISMISSED as moot.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of an employment dispute between Debra Mickens ("Plaintiff") and Moran Foods d/b/a/ Save-A-Lot ("Defendant"). Specifically, Plaintiff alleges that Defendant's

1

failure to promote her to the position of assistant manager was the result of age discrimination.

Plaintiff was hired by the Defendant in July 2009 as a part-time store clerk. Rec. Docs. 19-1 and 18-2. At the time of her hire, Plaintiff was 51 years of age. *Id*. Plaintiff worked as a part-time store clerk for the Defendant in various store locations,[1] until she was promoted in November 2013 to the position of shift leader. Plaintiff is currently still employed by the Defendant.

Between 2013 and 2015, Plaintiff alleges that she applied for an assistant manager position with the Defendant on five (5) occasions. Rec. Doc. 19-1. To date, Plaintiff has never been promoted to an assistant manager position with the Defendant.

In October 2016, Plaintiff filed suit in district court alleging: 1) that the Defendant discriminated against her based on her age, in violation of the Age Discrimination Employment Act of 1967 ("ADEA"); and 2) that Defendant intentionally inflicted emotional distress ("IIED") upon the Plaintiff.

**LAW AND ANALYSIS**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that

---

[1] The Uncontested Material Facts (Rec. Docs. 19-1 and 18-2) reveal that at her own request Plaintiff was transferred between 3 store locations—Claiborne Avenue, Carrollton Avenue, and MacArthur Drive—between 2012 up to the present day.

2

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

**Exhaustion of Administrative Remedies**

As an initial matter, a discrimination charge under Title VII of the Civil Rights Act and the ADEA must be filed with the EEOC within 300 days after the alleged discriminatory event. 29 U.S.C. § 633a(d); *Aoyagi v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 3d 1043, 1052 (D. Haw. 2015). A "discrete act" such as failure to promote is easy to identify; each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Federal jurisprudence has decided that:

> There is a distinction between discrete acts of discrimination or retaliation, and hostile work environment claims. A discrete act consists of an unlawful practice that "occurred" on the day it "happened," which includes, for example, "termination, failure to promote, denial of transfer, or refusal to hire." In comparison, hostile work environment claims "are based on the cumulative effect of individual acts," "occur over a series of days or perhaps years and, in

3

> direct contrast to discrete acts, a single act of harassment may not be actionable on its own . . . Importantly, however, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."

*Aoyagi*, 140 F. Supp. 3d at 1053 *(citing Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21,(1993)).

In *Aoyagi*, the district court rejected the plaintiff's assertion that her age discrimination claim was timely based on a continuing violation theory. *Id*. Similar to the facts in the case at bar, the plaintiff in *Aoyagi* alleged age discrimination based on her manager's comment that she was not as "tech savvy" as younger co-workers. The court reasoned that—assuming *arguendo* that her manager's comments reflected age discrimination—the statement "hardly" qualified as "sufficiently severe or pervasive to support a hostile work environment claim on the basis of age discrimination." *Id*. at 1054.

Here, Plaintiff's EEOC Charge of Discrimination ("EEOC Charge") describes dates for discrimination that allegedly occurred between May, 15, 2015 at the earliest and June 24, 2015 at the latest. Rec. Doc. 18-3, p. 130. The "particulars" in the EEOC Charge refer to and allege Plaintiff's May 15, 2015 application for promotion to assistant manager. This Court rejects Plaintiff's assertion in her Memorandum in Opposition (Rec. Doc. 19) that the infraction referenced in

4

her EEOC Charge was a "continuation of events." As a result, only Plaintiff's May 2015 application for promotion is to be considered as actionable under a timely exhaustion of her EEOC administrative remedies. 29 U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.").

**Age Discrimination Employment Act ("AEDA")**

A plaintiff bringing a discrimination claim pursuant to the ADEA must prove, by a preponderance of the evidence that age was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009). Claims brought pursuant to the ADEA are to be analyzed under the three-step, burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell* framework: 1) the employee must raise a genuine issue of material fact as to each element of her *prima facie* case; then 2) the employer must articulate a legitimate, nondiscriminatory reason for its employment decision; finally, 3) the employee must raise a genuine issue of material fact as to whether the employer's proffered reason was merely a pretext for age discrimination. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001).

Plaintiff's initial burden to satisfy her *prima facie* case is satisfied by a showing that 1) she belongs to the protected class, 2) she applied to and was qualified for a position for which applicants were being sought, 3) she was rejected, and 4) another applicant not belonging to the protected class was hired. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 682 (5th Cir. 2001).

Here, it is uncontested that Plaintiff, being 51 years old at the time of her hire, is a member of the protected class. While the Defendant attempts to deny a "rejection" of her application for promotion, she was never promoted to the position of assistant manager after she applied and this is most certainly a rejection for our purposes. However, what remains unclear are the questions of Plaintiff's qualifications for the position of assistant manager, as well as who Defendant hired in lieu of Plaintiff that was not a member of the protected class.

Objectively, Plaintiff meets the qualifications. "A *prima facie* case is established once the plaintiff demonstrates that objective employment qualifications have been met." *Id*. at 681. Subjective hiring criteria is to be engaged in the later stages of analysis. She was promoted to shift leader in 2013—a position with responsibilities that "direct the daily activities of the store associate team in the absence of the Store Manager and the Assistant Manager." Rec. Doc. 18-2, 3. Unfortunately, neither party has provided this court with information regarding who was

hired as assistant manager in May 2015. Proceeding without this information, this Court finds that plaintiff established a *prima facie* case of age discrimination.

The next step in the *McDonnell* analysis, requires that Defendant articulate a legitimate, nondiscriminatory reason for its decision not to promote Plaintiff. Defendant provides summaries of four (4) performance evaluations completed by three (3) different store managers, from 2013 – 2016. Rec. Doc. 18-2. These evaluations reveal a consistent pattern that while Plaintiff generally met expectations, which was sufficient to avoid termination, she lacked "urgency," and performed below expectations in productivity, communication, and exuded a general sense of complacency. *See* Rec. Doc. 18-2, 3-5. In particular, store manager Woosley noted in his 2015 evaluation of Plaintiff that he had not "seen the growth expected with Debra's [Plaintiff] advance to shift leader." *Id*. The duties of an assistant manager include and require much of the characteristics and traits that Plaintiff's evaluations document she lacked. These evaluations were documented by four separate managers, some at different store locations, and all have reoccurring themes. As a result, Defendant has met its burden of articulating a legitimate non-discriminatory reason for not promoting Plaintiff.

Thus, the burden now shifts to Plaintiff to raise genuine issue of material fact(s) as to whether the Defendant's proffered

reasons are merely a pretext for age discrimination. Plaintiff has offered no material facts to meet this burden. The remarks provided by Plaintiff are insufficient. Remarks may serve as sufficient evidence of age discrimination if they are: 1) age related, 2) proximate in time to the employment decision, 3) made by an individual with authority over the employment decision at issue, and 4) related to the employment decision at issue. *See Brown v. CSC Logic, Inc.,* 82 F.3d 651, 655–56 (5th Cir.1996). However, the alleged remarks by Defendant fail to qualify under the above prerequisites. Plaintiff alleges that a prior store manager, Ed Woosley, referred to her as "slow" and unable to perform certain stocking tasks. However, slow is neither an age-related comment nor was it made by an individual with authority over her promotion. Ed Woosley was the store manager in 2013, when plaintiff received her promotion to shift leader. Not only does this negate Plaintiff's claims that Woosley discriminated against her because of age—she received a promotion under Woosley's leadership—Plaintiff accredits her promotion to district manager John Honeycutt. Presumably, John Honeycut was the authority presiding over Plaintiff's non-promotion, not Woosley.

A review of the record demonstrates that Plaintiff has failed to produce evidence raising a fact issue as to whether Defendant's reason was pretextual. Plaintiff has not offered prior experience as an assistant manager. Plaintiff also fails to point to an

8

individual that was hires as assistant manager in favor of her. The one individual Plaintiff points to—Kenny Rogers—was hired in October 2012, which is prior to Plaintiff's applications for the assistant manager position.[2] Rec. Docs. 19-1 and 19-3.

**Intentional Infliction of Emotional Distress ("IIED")**

Under Louisiana law, Plaintiff has a high burden to overcome to prevail on her claim for IIED. In Louisiana, "a plaintiff must prove that (1) the conduct was extreme and outrageous; (2) the emotional distress suffered was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result." *White v. Monsanto,* 585 So.2d 1205, 1209 (La.1991). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Nicholas v. Allstate Ins. Co.,* 765 So.2d 1017, 1022 (La.2000).

Louisiana courts have denied IIED claims for much more indecent remarks than the Plaintiff alleges here. *See Monsanto*, 585 So.2d 1205 (La.1991)(Supreme Court of Louisiana held that a one-minute outburst of profanity directed at three employees was not such extreme and outrageous conduct as to give rise to recovery

---

[2] Plaintiff alleges five (5) applications for assistant manager between 2013 and 2015. Rec. Doc. 19-1, 3.

for intentional infliction of emotional distress.); *see also Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430 (5th Cir. 2013)(Comment about an employee's Cuban heritage did not demonstrate racial animus of an extreme or atrocious nature, as required for employee to establish a claim against employer for intentional infliction of emotional distress.).

"Recognition of a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." *Monsanto Co.*, 585 So. 2d 1205, 1210 (La. 1991). Plaintiff here alleges she was called "slow" by her store manager. She also claims that she was not given certain stocking responsibilities, and that these experiences caused her to suffer emotional distress. Not only are these claims frivolous, Plaintiff has offered no evidence of any actual damages suffered aside from her own self-serving and conclusory statements. The statements certainly do not meet the high burden set in order to prevail on an IIED claim.

New Orleans, Louisiana, this 25th day of September, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE